1
2
3
4
5
6
7
8
9
10

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JACK BRENE KIRCH,                    No. CIV S-07-0928-MCE-CMK-P

          Petitioner,

    vs.                                    <u>FINDINGS AND RECOMMENDATIONS</u>

I.D. CLAY,

          Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is defendant's motion to dismiss (Doc. 10).  Plaintiff filed a timely opposition (Doc. 11).

        Petitioner claims that the California Department of Corrections and Rehabilitations (CDCR) has miscalculated his earliest possible release date by seven days.  He claims that California Penal Code § 2933.1 entitles him 822 days of credit, but that CDCR is only allowing him 815 days of credit due to fraudulent calculations.  The essence of petitioner's

1

argument is that he was sentenced to 5478 days, and should receive credits under California

Penal Code § 2933.1 on the entire sentence.  After receiving credit for time served in county jail,

288 days, he was awarded 43 days credit for good time served.  CDCR then applies § 2933.1

credits to the remaining time (5478–288=5190; 5190–43=5147; 5147/6.66=772; 772+43= 815

days goodtime credit).  Petitioner claims he should receive his §2933.1 credits calculated on the

entire sentence, then the time served at the county should be subtracted out (5478/6.66=822 days

goodtime credit).

Respondent brings this motion to dismiss on the basis that petitioner fails to allege

any federal claims and the court therefore lacks subject matter jurisdiction.  Respondent states

that petitioner's claim is predicated on state law and there is no basis for federal habeas review,

citing Estelle v. McGuire, 502 U.S. 62 (1991), Brodheim v. Rowland, 993 F.2d 716 (9th Cir.

1993) and Miller v. Rowland, 999 F.3d 389 (9th cir. 1993).   In opposition, petitioner argues that

he has a federalized liberty interest claim in obtaining a correct earliest possible release date, and

he is entitled to equal protection of law.

DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing

Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in

lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being

in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp.

1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

after the court orders a response, and the Court should use Rule 4 standards to review the motion.

1   See Hillery, 533 F. Supp. at 1194 & n. 12.

2   A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis

3   of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d

4   1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is

5   unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp,

6   768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v.

7   Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state

8   issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

9   The Supreme Court has reiterated the standards of review for a federal habeas

10  court. Estelle v. McGuire, 502 U.S. 62 (1991). In Estelle v. McGuire, the Supreme Court re-

11  emphasized that "federal habeas corpus relief does not lie for error in state law." Id. at 67 (citing

12  Lewis v. Jeffers, 497 U.S. 764, 780 (1990), and Pulley v. Harris, 465 U.S. 37, 41 (1984) (federal

13  courts may not grant habeas relief where the sole ground presented involves a perceived error of

14  state law, unless said error is so egregious as to amount to a violation of the Due Process or

15  Equal Protection clauses of the Fourteenth Amendment)).

16  However, states "may create liberty interest that are entitled to the procedural

17  protections of the Due Process Clause of the Fourteenth Amendment." Vitek v. Jones, 445 U.S.

18  480, 488 (9180); see also Kentucky Dep't of Corrections v. Thompson , 490 U.S. 454, 459-60

19  (1989). In order to create a liberty interest, a state law must satisfy two requirements: first, the

20  law must set forth substantive predicates to govern official decision-making and, second, it must

21  contain explicitly mandatory language. See Kentucky Dep't of Corrections, 490 U.S. at 462-63.

22  The Ninth Circuit has found that California has created a liberty interest for prisoners earning

23  goodtime credits through California Penal Code § 2931. See Toussaint v. McCarthy, 201 F.2d

24  1080, 1095 (9th Cir. 1986). However, the same is not true for worktime credits earned through

25  California Penal Code § 2933. The Ninth Circuit specifically found that § 2933 does not create a

26  liberty interest for prisoners to earn worktime credits. Id. at 1094-95. Section 2933 provides

1  that "[w]orktime credits is a privilege, not a right."  Cal. Penal Code § 2933(b).  The California

2  legislature "did not create an absolute right to participate in work programs; the legislature

3  created only a 'reasonable opportunity.'"  Toussaint, 201 F.2d at 1095 (quoting Cal. Penal Code §

4  2933(b)).

5           California Penal Code § 2933.1, the statute under which petitioner claims a liberty

6  interest entitling him to credits, states, in relevant part,

7           (a) Notwithstanding any other law, any person who is convicted of
    a felony listed in subdivision (c) of Section 667.5 shall accrue no
8           more than 15 percent of worktime credit, as defined in Section
    2933.

9

10          Section 2933.1 is a limitation on § 2933.  It does not purport to give prisoners

11 additional credits over and above what is given by § 2933.  Instead, it limits the amount of credits

12 available for a prisoner convicted of a violent felony, ensuring that the maximum reduction in

13 such a prisoner's term of imprisonment is 15 percent.  Setting such a limitation does not create a

14 mandate that prisoners are entitled to a certain amount of credits based on time served or work

15 performed.  It therefore cannot create a liberty interest in earning goodtime or worktime credits.

16 As § 2933 does not create a liberty interest for prisoners, neither can §2933.1.   Therefore,

17 petitioner has no liberty interest in credits earned through California Penal Code § 2933.1, and

18 his petition fails to state a claim which the federal court may grant habeas relief.

19          CONCLUSION

20          Based on the foregoing, the undersigned recommends that respondent's motion to

21 dismiss be granted and this case be dismissed.

22          These findings and recommendations are submitted to the United States District

23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

24 after being served with these findings and recommendations, any party may file written

25 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

26 Findings and Recommendations."  Failure to file objections within the specified time may waive

1  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

2

3     DATED:  December 26, 2007

4                                                    _____
                                                     **CRAIG M. KELLISON**
5                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26